# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PROSPERITY SYSTEMS, INC. | : |
| | : |
| v. | : Civil No. CCB-10-2024 |
| | : |
| NADEEM ALI | : |

## MEMORANDUM

Now pending before the court is Nadeem Ali's motion to alter or amend this court's March 31, 2011, order and preliminary injunction to allow him to keep the main telephone number (202-635-2800) associated with his pizza restaurant. For the following reasons, Mr. Ali's motion will be denied.

## ANALYSIS

Federal Rule of Civil Procedure 59(e) permits a district court to alter, amend, or vacate a prior judgment. Rule 59(e) permits a court to amend a judgment in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial [or summary judgment]; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citations omitted). Courts are reluctant to grant such a motion, because "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2801.1 (1995)). Although "there are 'circumstances when a motion to reconsider

1

may perform a valuable function,' . . . it [is] improper to use such a motion to 'ask the Court to rethink what the Court ha[s] already thought through—rightly or wrongly.'" *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001) (quoting *Above the Belt, Inc. v. Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Mr. Ali argues that the court's order and entry of a preliminary injunction should be altered because ¶ 11.1 of the parties' Franchise Agreement was understood by the parties to allow Mr. Ali to keep his telephone number even if he were no longer a Pizza Boli's franchisee. Mr. Ali raised this argument in his opposition to Prosperity System, Inc.'s ("PSI's") proposed preliminary injunction order, (*see* Def.'s Response to Proposed Order at ¶ 6), and his motion to alter or amend is not based on an intervening change in controlling law or newly discovered evidence. Instead, he argues that the preliminary injunction should be altered to correct a clear error of law. The defendant's argument must fail. Paragraph 15.3 of the parties' Franchise Agreement states that upon termination of the franchise agreement, Mr. Ali was obligated to "assign to [PSI] all telephone numbers used by you in association with the Marks." (Franchise Agreement at ¶ 15.3(d).) Despite this unambiguous language, Mr. Ali contends that ¶ 11.1 of the Franchise Agreement was intended by the parties to allow Mr. Ali to retain his telephone number even after termination of the franchise relationship.[1] Mr. Ali alleges that John Nasir, president of PSI, promised in a "religious meditation meeting" held on the day the franchise agreement was signed that he "would never take the phone number from the Defendant, under any circumstances, even if Defendant were no longer a Pizza Boli franchisee." (Def.'s Mot. to Alter or Amend at 3.) Even if Mr. Nasir did make such a promise, it was superseded by the

---

[1] Paragraph 11.1 of the Franchise Agreement states, "You must obtain a separate telephone number for the Franchised Business, which telephone number you will own." (Franchise Agreement ¶ 11.1.)

2

unambiguous language of the Franchise Agreement, which states that "[t]his agreement constitutes the entire agreement between us and supersedes all earlier or contemporaneous, oral or written agreements or understandings about this agreement." (Franchise Agreement ¶ 18.9.) An evidentiary hearing, which the defendant requests, is not necessary to determine whether Mr. Ali must assign the telephone number to PSI. Mr. Ali's motion to alter or amend the court's order will be denied. A separate order follows.

May 25, 2011                                         /s/
Date                                        Catherine C. Blake
                                            United States District Judge